IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TERRY GENE CAREY,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )        Case No. 06-CV-037-JHP-FHM
                                     )
JUSTIN JONES, Director,              )
                                     )
            Respondent.              )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Before the Court is Respondent's motion

to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9).

Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 12).  Respondent's

motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death

Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions.

For the reasons discussed below, the Court finds that the petition is untimely and Respondent's

motion to dismiss should be granted.

### *BACKGROUND*

Petitioner was convicted by a jury of Burglary, First Degree, After Former Conviction of

Two or More Felonies, in Delaware County District Court, Case No. CF-1994-264.  The record

reflects that on February 22, 1994, he was sentenced to fifty (50) years imprisonment, with fifteen

(15) years suspended.  See Dkt. # 10, Ex. 2.  Petitioner appealed his Judgment and Sentence to the

Oklahoma Court of Criminal Appeals ("OCCA") where, on February 2, 1996, his conviction and

sentence were affirmed.  See Dkt. # 10, Ex. 1. Nothing in the record suggests Petitioner sought

*certiorari* review at the United States Supreme Court.

On April 9, 2003, Petitioner filed his first application for post-conviction relief in the state

district court asserting a claim based on <u>Bumpus v. State</u>, 925 P.2d 1208 (Okla. Crim. App. 1996). (Dkt. # 10, Ex. 2).  According to Petitioner, the trial court judge vacated the suspended portion of his sentence.  <u>Id.</u>  Nothing in the record suggests that Petitioner appealed the ruling on his first application for post-conviction relief.

Petitioner states he filed a second application for post-conviction relief on August 18, 2005. <u>See</u> Dkt. # 10, Ex. 2. The state district court judge denied the requested relief on September 6, 2005. <u>See</u> Dkt. # 10, Ex. 1. Petitioner appealed to the OCCA.  By Order filed November 22, 2005, in No. PC-2005-961, the OCCA affirmed the denial of post-conviction relief.  <u>Id.</u>

Petitioner filed his federal petition for writ of habeas corpus in the United States District Court for the Western District of Oklahoma on December 22, 2005.  <u>See</u> Dkt. # 1.  The petition was transferred to this District Court where it was filed on January 19, 2006.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

2

> due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), or (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on May 2, 1996, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  As a result, his one-year limitations clock began to run on May 2, 1996, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 2, 1997, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts.  However, the Court finds Petitioner is not entitled to statutory tolling as a result of the filing of the his applications for post-conviction relief.  The first application was filed on April 9, 2003, or almost six (6) years after the limitations period expired on May 2, 1997.  The second application was filed on August 18, 2005, or more than eight (8) years after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As

3

a result, the proceedings on Petitioner's applications for post-conviction relief did not toll the limitations period in this case.  Therefore, Petitioner's federal habeas petition, filed in the Western District of Oklahoma on December 22, 2005, appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to other statutory or equitable tolling of the limitations period.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).   Equitable tolling applies only in "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Petitioner has the duty to diligently pursue his claims and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978.

In this case, Petitioner argues that he is entitled to equitable tolling of the limitations period because he "tried diligently to obtain his trial transcripts from 2-2-1996 until he finally obtained them 8-30-2006."  See Dkt. # 12 at 1.  He claims that the State's lead witness presented perjured testimony and that he "could not prepare a proper case" without the trial transcripts.  The Court finds Petitioner is not entitled to equitable tolling in this case.  First, an inmate's lack of state court records does not justify equitable tolling.[1]   Second, Petitioner cannot show the diligence necessary for

---

[1]See United States v. Banuelos-Munoz, 182 F.3d 933, 1999 WL 314616 (10th Cir. May 19, 1999) (unpublished) (disallowing equitable tolling of the limitations period based on obstacles faced by the petitioner in obtaining a transcript in part because the facts supporting his claims had not depended on the transcript); see also United States v. Pedraza, 166 F.3d 349, 1998 WL 802283 (10th Cir. Nov. 18, 1998) (unpublished) (holding that a federal prisoner was not entitled to equitable tolling of the limitations period in 28 U.S.C. § 2255 based on the unavailability of a transcript); accord Brown v. Cain, 112 F.Supp.2d 585, 586-87 (E.D. La. 2000) (rejecting a claim of equitable tolling based on a delay in obtaining transcripts, as the petitioner had "experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to [him] without

equitable tolling.  In his petition, Petitioner states "I could not get my attorney Gerald Lee to address this issue at my first appeal," and that "I repeatedly asked Mr. Lee to address the perjured testimony of Miss Becky Wilkerson but he refused to do so."  See Dkt. # 1.  Thus, Petitioner admits he was aware of the claim at the time of his direct appeal. Nonetheless, Petitioner waited over ten (10) years after the conclusion of his direct appeal to file his federal petition. He also states that he first received the transcripts on August 30, 2006, and that he could not bring his claim without the transcripts.  However, he did in fact bring his claim without the transcripts by filing his second application for post-conviction relief on August 18, 2005.  Lastly, the Court finds that Petitioner's conclusory description of his efforts to obtain the trial transcripts over a ten-year period does not satisfy the exacting standard necessary to demonstrate extraordinary circumstances justifying equitable tolling.  See Miller, 141 F.3d at 978.

After careful review of the record, the Court finds Petitioner has failed to demonstrate entitlement to any additional tolling of the limitations period.  Petitioner has not demonstrated that he diligently pursued his claims or that extraordinary circumstances beyond his control prevented him from timely filing his petition.  See Gibson, 232 F.3d at 808.  The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period.  The petition for writ of habeas corpus shall be dismissed with prejudice as barred by the statute of limitations.

### CONCLUSION

---

the transcripts"), aff'd, 239 F.3d 365, 2000 WL 1741564 (5th Cir. Nov.7, 2000) (unpublished); Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D. N.J. 1998) ("The delay in the receipt of free transcripts ... is not an 'extraordinary circumstance' justifying equitable tolling of the limitations period established by the AEDPA.").

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2.   The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3.   A separate Judgment shall be entered in this case.

DATED THIS 22nd day of February 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma